**IN THE UNITED STATES DISTRICT COURT**
**FOR THE WESTERN DISTRICT OF PENNSYLVANIA**

| | | |
|---|---|---|
| RENA T. PARROTTE,<br><br>Plaintiff,<br><br>v.<br><br>FRANK J. BISIGNANO,[1] Commissioner of Social Security,<br><br>Defendant. | ) | Civil Action No. 25-1413 |

**MEMORANDUM OPINION**

## I. INTRODUCTION

Plaintiff Rena T. Parrotte ("Plaintiff") brings this action pursuant to 42 U.S.C. § 405(g), seeking review of the final determination of the Commissioner of Social Security ("Defendant" or the "Commissioner"), denying Plaintiff's application for disability insurance benefits ("DIB") under Title II of the Social Security Act (the "Act"). Presently before the Court is Plaintiff's Motion for Summary Judgment (Docket No. 15), which has been fully briefed by the parties (Docket Nos. 16, 17, 18) and is ripe for disposition.

## II. PROCEDURAL HISTORY

On April 11, 2023, Plaintiff filed an application for DIB in which she alleged disability as of June 16, 2022, due to other internal derangements of unspecified knee and lumbar radiculopathy. (Docket No. 16 at 1; Administrative Transcript, Docket No. 8 (hereafter "Tr.")[2] at

---

1 The Court notes that Frank J. Bisignano was confirmed as Commissioner of Social Security on May 6, 2025. Accordingly, pursuant to Rule 25(d) of the Federal Rules of Civil Procedure and 42 U.S.C. § 405(b), Bisignano is automatically substituted as the defendant in this suit.

2 A certified copy of the transcript of the complete proceedings before the Social Security Administration was made of record at Docket No. 8.

199, 233). The Social Security Administration (the "SSA") denied Plaintiff's application, both initially on July 13, 2023, and upon reconsideration on March 12, 2024. (Tr. 63, 73). A video hearing was then held before Administrative Law Judge ("ALJ") Paul Kovac on September 25, 2024, during which Plaintiff amended her alleged onset date to August 1, 2022, and an impartial vocational expert testified. (Tr. 44-62). The ALJ issued a decision (the "Decision") denying Plaintiff's application on October 11, 2024. (Tr. 17-36). On August 1, 2025, the Appeals Council denied Plaintiff's request for review, which rendered the ALJ's Decision final pursuant to 20 C.F.R. § 404.981. (Tr. 1; Docket No. 8-2 at 2).[3]

Plaintiff's Complaint was filed in this matter on September 16, 2025. (Docket No. 3). The issues presently before the Court are (a) whether substantial evidence exists in the record to support the ALJ's Decision, and (b) whether the ALJ employed the correct legal standard in reaching his conclusions. More specifically, Plaintiff argues that the ALJ erred because (1) the vocational expert's testimony in this case does not carry the Commissioner's burden of proof at the final step in the sequential evaluation process, and (2) in making his residual functional capacity determination ("RFC"), the ALJ failed to properly evaluate Plaintiff's subjective complaints

---

[3] In reaching his determination, the ALJ found that Plaintiff (1) had not engaged in substantial gainful activity since her alleged amended onset date, and (2) had a number of severe medically determinable impairments as well as a number of non-severe impairments, (3) none of which met or equaled the severity of a listed impairment. (Tr. 19-23). In the residual functional capacity assessment ("RFC") at step (4), the ALJ found that Plaintiff has:

> the residual functional capacity to perform sedentary work as defined in 20 CFR 404.1567(a) except she can occasionally operate foot controls with her left foot. She can occasionally climb ramps and stairs, balance, and stoop. She can never climb ladders, ropes, or scaffolds, kneel, crouch, or crawl. She must avoid unprotected heights, moving mechanical parts, or operate a motor vehicle and can tolerate occasional exposure to humidity, wetness, dust, odors, fumes, pulmonary irritants, extreme cold, extreme heat, and vibration. In addition, the claimant is unable to perform work requiring a specific production rate, such as assembly line work, or work requiring hourly quotas and she can only occasionally deal with changes in a routine work setting.

(Tr. 23). After finding that Plaintiff is unable to perform any past relevant work, the ALJ concluded, on evidence of the vocational expert, that Plaintiff's RFC, age, and high school education were compatible with substantial other work in the national economy sufficient to warrant his finding that Plaintiff is not disabled. (Tr. 34-36).

pursuant to SSR 16-3p and 20 C.F.R. § 404.1529, leaving the Court unable to proceed to a substantial evidence review. (Docket No. 16 at 1). Upon deferential review, the Court finds that the underlying administrative record does not sufficiently support the ALJ's Decision. Accordingly, for the reasons set forth below, Plaintiff's Motion will be granted, the ALJ's Decision will be reversed, and this case will be remanded to the Commissioner for additional administrative proceedings in accordance with this Memorandum Opinion.

## III. STANDARD OF REVIEW

In order to be eligible for benefits under the Act, a claimant must demonstrate that he cannot engage in "substantial gainful activity" due to a medically determinable physical or mental impairment which can be expected to result in death, or which has lasted or can be expected to last for a continuous period of at least twelve months. *See* 42 U.S.C. § 423(d)(1)(A); *Brewster v. Heckler*, 786 F.2d 581, 583 (3d Cir. 1986). When reviewing a claim for benefits, the ALJ must use a five-step sequential analysis in evaluating whether a claimant has met the disability requirements. *See* 20 C.F.R. §§ 404.1520, 416.920. Specifically, the ALJ must determine: (1) whether the claimant is currently engaged in substantial gainful activity; (2) if not, whether the claimant has a severe impairment or a combination of impairments that is severe and meets the duration requirement; (3) as to medical severity, whether the medical evidence of the claimant's impairment or combination of impairments meets or equals the criteria listed in 20 C.F.R., Pt. 404, Subpt. P, App'x 1; (4) the RFC assessment and whether the claimant's impairments prevent him from performing his past relevant work; and (5) if the claimant is incapable of performing his past relevant work, whether he can make an adjustment to perform any other work that exists in the national economy. *See* 20 C.F.R. §§ 404.1520(a)(4), 416.920(a)(4); *Barnhart v. Thomas*, 540 U.S. 20, 24-25 (2003). More specifically, if the claimant is determined to be unable to resume his

previous employment, the burden shifts to the Commissioner at step 5 to prove that, given the claimant's mental or physical limitations, age, education, and work experience, he is able to perform substantial alternative gainful activity in jobs that are available in the national economy. *See, e.g.*, *Edwards v. Berryhill*, Civ. Action No. 16-475, 2017 WL 1344436, at *1 (W.D. Pa. Apr. 12, 2017); *Doak v. Heckler*, 790 F.2d 26, 28 (3d Cir. 1986).

The Court's review of the agency's final decision is plenary with regard to questions of law. *See Schaudeck v. Commissioner of Soc. Sec.*, 181 F.3d 429, 431 (3d Cir. 1999). Thus, the Court must review the ALJ's findings of fact for "substantial evidence," and the administrative record must be reviewed as a whole. *See Biestek v. Berryhill*, 598 U.S. 97, 99 (2019) (quoting 42 U.S.C. § 405(g));[4] *Burns v. Barnhart*, 312 F.3d 113, 118 (3d Cir. 2002); *Kent v. Schweiker*, 710 F.2d 110, 113 (3d Cir. 1983). The threshold for evidentiary sufficiency is not high, as "substantial evidence" means only "such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." *Biestek*, 587 U.S. at 103 (internal quotation marks and citations omitted); *see also Ventura v. Shalala*, 55 F.3d 900, 901 (3d Cir. 1995) (quoting very similar language in *Richardson v. Perales*, 402 U.S. 389, 401 (1971)). Accordingly, the ALJ's findings as to any fact are conclusive if they are supported by such evidence, and the Court may not "set aside" the ALJ's decision "even if [the] Court 'would have decided the factual inquiry differently.'" *Hansford v. Astrue*, 805 F. Supp. 2d 140, 143 (W.D. Pa. 2011) (quoting *Hartranft v. Apfel*, 181 F.3d 358, 360 (3d Cir. 1999)). "Overall, the substantial evidence standard is a deferential standard of review." *Jones v. Barnhart*, 364 F.3d 501, 503 (3d Cir. 2004).

---

[4] 42 U.S.C. § 405(g) provides in pertinent part:

> Any individual, after any final decision of the [Commissioner] made after a hearing to which he was a party, irrespective of the amount in controversy, may obtain a review of such decision by a civil action . . . . brought in the district court of the United States for the judicial district in which the plaintiff resides, or has his principal place of business . . . .

Nevertheless, the ALJ must provide a satisfactorily clear articulation of the basis for the conclusions reached, as the United States Supreme Court explained:

> An agency action qualifies as "arbitrary" or "capricious" if it is not "reasonable and reasonably explained." *FCC v. Prometheus Radio Project*, 592 U. S. 414, 423, 141 S. Ct. 1150, 209 L. Ed. 2d 287 (2021). In reviewing an agency's action under that standard, a court may not "'substitute its judgment for that of the Agency.'" *FCC v. Fox Television Stations, Inc.*, 556 U. S. 502, 513, 129 S. Ct. 1800, 173 L. Ed. 2d 738 (2009). But it must ensure, among other things, that the agency has offered "a satisfactory explanation for its action[,] including a rational connection between the facts found and the choice made." *Motor Vehicle Mfrs. Assn. of United States, Inc. v. State Farm Mut. Automobile Ins. Co.*, 463 U.S. 29, 43, 103 S. Ct. 2856, 77 L. Ed. 2d 443 (1983) (internal quotation marks omitted).

*Ohio v. EPA*, Nos. 23A349, 23A350, 23A351, 23A384, 603 U.S. 279, 292 (2024); *see also Cotter v. Harris*, 642 F.2d 700, 704-05 (3d Cir. 1981) (discussing the standard for a hearing examiner's opinion); *Gamret v. Colvin*, 994 F. Supp. 2d 695, 698 (W.D. Pa. 2014) (specifying that the ALJ need not discuss every piece of evidence in the record, but must "build an accurate and logical bridge between the evidence and the result"). Thus, in reviewing a decision of the Commissioner, a district court "can neither conduct a *de novo* review of the decision nor re-weigh the evidence of record"; rather, a district court "must judge, under the applicable standard, the propriety of the decision in reference to the grounds invoked by the Commissioner when the decision was rendered." *Holuska v. Bisignano*, Civ. Action No. 1:26-cv-00038, 2026 WL 184755, at *3 (W.D. Pa. July 29, 2026) (citing *Palmer v. Apfel*, 995 F. Supp. 549, 552 (E.D. Pa. 1998), and *S.E.C. v. Chenery Corp.*, 332 U.S. 194, 196-97 (1947)).

## IV. DISCUSSION

As noted, *supra*, Plaintiff contends that the ALJ erred in his Decision because (1) the vocational expert's hearing testimony in this case does not carry the Commissioner's burden of proof at the final step in the sequential evaluation process, and (2) in formulating the RFC, the ALJ failed to properly evaluate Plaintiff's subjective complaints, specifically with regard to her

engagement in activities of daily living, pursuant to SSR 16-3p and 20 C.F.R. § 404.1529. (Docket No. 16 at 1). For the reasons set forth below, the Court agrees in part with Plaintiff's contentions, and will remand the matter for additional proceedings before the ALJ consistent with this Memorandum Opinion.

**A. <u>Whether the VE's Testimony Was Sufficient at Step Five</u>**

First, Plaintiff argues that the ALJ erred at step five of the sequential analysis because the hearing testimony provided by the vocational expert ("VE") does not carry the Commissioner's burden of proof. (Docket No. 16 at 5). More specifically, Plaintiff contends that since the ALJ determined that Plaintiff could not perform her past relevant work, the Commissioner was required to provide evidence of other work that Plaintiff could do that is compatible with her RFC, but he failed to do so in accordance with current SSA requirements. (*Id.*). Plaintiff notes that the ALJ relied in his Decision on the VE's testimony identifying – by Dictionary of Occupational Titles ("DOT") code number – three jobs, which exist in significant numbers in the national economy, that Plaintiff can perform: addresser (DOT # 209.587-010), election clerk (DOT # 205.367-030), and document preparer (DOT # 249.587-018). (*Id.*; Tr. 35). Plaintiff contends that, as these jobs (specifically, addresser and document preparer) are obsolete as they are traditionally performed, the ALJ failed to obtain additional VE testimony showing: how the jobs are performed differently today so that the ALJ could find that Plaintiff can presently perform them, and that a significant number of these jobs (as they are presently performed) exist in significant numbers in the national economy. (Docket No. 16 at 5; Tr. 59-60).

In support of this argument, Plaintiff cites to cases in which various district courts have found that the jobs of addresser and document preparer, as those jobs were traditionally performed, are obsolete. (Docket No. 16 at 7-11 (citing cases)). Plaintiff then relies on the SSA's Emergency

Message 24027 ("EM-24027"), entitled "Guidance Regarding the Citation of Certain Occupations at Step Five of the Sequential Evaluation Process,"[5] which establishes additional evidentiary requirements for certain occupations because "[d]escriptions of occupations in the DOT may refer to job materials or processes that have been replaced by more modern materials or processes." In EM-24027, the SSA specifically instructs adjudicators that they "may not cite" certain DOT occupations listed therein (including "Document Preparer, Microfilming" and "Addresser") to support a determination of "not disabled" without "additional evidence" from a VE:

> … supporting the adjudicator's conclusion that, as the occupation is currently performed:
>
> - Its requirements are consistent with the individual's RFC, and
> - It exists in the national economy in numbers that alone, or in combination with work in other cited occupations, are significant.

Other district courts that have considered this relatively recent directive have found that the referenced "need for 'additional evidence' implies ordinary reliance on the DOT in the same manner as when relying on other jobs at Step Five is not enough to establish the listed jobs' requirements." *Boscaljon v. Commissioner of Soc. Sec.*, Case No. 3:25-CV-01541-JRK, 2026 WL 1842604, at *6 (N.D. Ohio June 26, 2026); *see also Elizabeth M. v. Bisignano*, Case No. 25-cv-2550, 2026 WL 686783, at *4 (D. Minn. Mar. 11, 2026) (explaining that EM-24027 imposes "heightened evidentiary and articulation requirements for certain occupations, including 'document preparer'"); *Ryan v. Commissioner of Soc. Sec.*, Civ. Action No. 5:25-cv-00174-BP, 2026 WL 1347418, at *7 (N.D. Tex. May 14, 2026) (describing EM-24027 as "imposing

[5] EM-24027 was first published on June 22, 2024, was later updated and became effective on January 6, 2025, and is available for review at https://secure.ssa.gov/apps10/reference.nsf/links/01062025092030AM (EM-24027 REV) (last visited November 5, 2026).

heightened requirements on ALJs considering certain representative occupations 'whose continued widespread existence multiple courts have questioned'").

Here, as noted above, the VE opined in his testimony that a hypothetical person with Plaintiff's RFC could work as an addresser, election clerk, or document preparer, citing to the DOT. (Tr. 59). The VE also noted, without specifying to which of those three occupations he was referring, "*A couple* of those have different job descriptions [than] what the DOT notes these days, if you wish to discuss that." (Tr. 59 (emphasis added)). The ALJ then asked the VE, "Well because they're sedentary jobs, and the DOT hasn't been updated recently, have there been modern tools or innovations that have affected those positions?" (Tr. 59). The VE answered in the affirmative and stated, "They have changed, but they're all still SVP 2, unskilled work, less than 30 days of training." (Tr. at 59). The ALJ then asked the VE whether those jobs would still be able to be performed within the confines of the RFC that he had indicated in his hypothetical question, and the VE answered in the affirmative. (Tr. 59). The ALJ asked the VE whether his testimony was "consistent with the DOT, and [for] issues not addressed by the DOT, you're relying upon your education and experience?" and the VE again answered, "Correct. Yes, sir." (Tr. 60).

Upon review of the hearing transcript, the Court notes that the VE testified, with regard to "a couple" of the jobs he had identified, that those jobs now have different descriptions than what the DOT notes. (Tr. 59). The VE also indicated generally that the jobs he had identified, as they are performed today, still fit within the confines of the hypothetical question that the ALJ gave him (which also describes Plaintiff's RFC). (Tr. 59). However, the VE did not identify, among the jobs he had cited, *which couple* of the jobs' descriptions in the DOT do not match the jobs as they are presently performed. Moreover, in his Decision, the ALJ implies that the VE stated that *all three* of the jobs he identified are performed differently today than the DOT notes, explaining

that the VE "testified the technology used in the aforementioned jobs [addresser, election clerk, and document preparer] has been updated since the [DOT] was last updated." (Tr. 37).

Additionally, the Court notes that, in a number of cases in which other district courts have addressed the issue of what additional evidence is now required by EM-24027, VEs have not only affirmatively testified that the DOT requirements for specific listed jobs have not changed despite now having different job descriptions, but such cases also include "some affirmative evidence about how those jobs are performed today." *Boscaljon*, 2026 WL 1842604, at *7 (citing *McGinty v. Bisignano*, Civ. No. 1:25-CV-1965, 2026 WL 1413553, at *8 (M.D. Pa. May 20, 2026); *Rose v. Bisignano*, No. 7:24-CV-1141-KS, 2026 WL 540781, at *3 (E.D.N.C. Feb. 26, 2026); *Oswaldo N. v. Commissioner of Soc. Sec.*, No. 1:24-cv-07970-GRJ, at *9 (S.D.N.Y. July 23, 2025)). Thus, while the ALJ obtained VE testimony that an individual with Plaintiff's RFC could perform jobs that have different descriptions than in the DOT, as those jobs are currently performed (but without specifically referencing which jobs he was referring to), the ALJ did not ask the VE how any of those jobs are performed differently today. Such testimony would have shed light upon which specific jobs the VE was referencing as having different descriptions than in the DOT, and, to the extent necessary, such testimony also would have provided evidence to support the ALJ's finding that Plaintiff can perform those jobs as they are currently performed. However, because of the lack of such additional evidence by the VE – testimony clearly indicating which of the identified jobs have changed in the way they are performed, and testimony showing that Plaintiff can perform those specific changed jobs as they are currently performed – the Court finds that the ALJ did not meet the first requirement of EM-24027.

Plaintiff also argues that the ALJ erred regarding EM-24027's second requirement, since there was no additional evidence provided showing that the listed jobs of addresser and document preparer – as those jobs are currently performed – exist in significant numbers in the national economy. (Docket No. 16 at 11-14). The VE testified that there are approximately 20,000 addresser jobs and 100,000 document preparer jobs in the national economy (as well as 45,000 election clerk jobs). (Tr. 59). After supplying those numbers, the VE alerted the ALJ that a couple of the types of jobs he identified now have different job descriptions than what the DOT notes. (Tr. 60). The VE did not then indicate whether the job numbers he had previously supplied accounted for the changes in how those jobs are performed today, however, nor did the ALJ inquire whether such numbers apply to those jobs as currently performed. Other than representing generally that his testimony was consistent with the DOT and, where issues were not addressed by the DOT, that he was relying upon his education and experience (Tr. 60), the VE also never indicated in any other way that those estimates were current, or what those numbers were based on (which also could have shown that the numbers apply to the jobs as currently performed). Once again, EM-24027 specifically requires "additional evidence" to support a conclusion that a significant number of the listed jobs (as currently performed) exist, and as it is not clear from the VE's testimony whether the job numbers he provided are for the jobs as they are currently performed, the Commissioner cannot rely only on the VE testimony provided here to find that there are a significant number of jobs in the national economy that Plaintiff can perform. Therefore, the Court finds that the ALJ also did not meet the second requirement of EM-24027.

In sum, the VE testified that someone with Plaintiff's RFC could perform the occupations of addresser, election clerk, and document preparer, indicating the DOT requirements for each, and the VE also testified that those jobs exist in significant numbers in the national economy. The

VE stated that a couple of those jobs' descriptions had changed from the DOT versions, but that they would still be able to be performed within the confines of Plaintiff's RFC, although the VE did not specify which jobs had changed or how those specific jobs had changed. Likewise, the VE did not testify as to whether the estimates he provided for job numbers in the national economy reveal the number of jobs as they are currently performed. Although EM-24027 requires "additional evidence" showing that the jobs' requirements, as those jobs are currently performed, are consistent with the individual's RFC, and that those jobs as currently performed exist in significant numbers in the national economy, neither type of additional evidence was provided by the VE for the ALJ to rely on in this case. Because EM-24027 was not followed here, and the Commissioner thus did not meet his burden at step five, this case must be remanded for additional administrative proceedings to correct this error.

**B. <u>Whether the ALJ Failed to Properly Consider Plaintiff's Daily Activities</u>**

Second, Plaintiff asserts that the ALJ's RFC determination is the product of legal error because the ALJ failed to properly evaluate Plaintiff's subjective complaints pursuant to SSR 16-3p and 20 C.F.R. § 404.1529. (Docket No. 16 at 14). More specifically, Plaintiff argues that the ALJ considered Plaintiff's daily activities in evaluating her subjective complaints, but he failed to account for the manner in which Plaintiff performed those activities or provide any explanation as to how those activities support the conclusion that Plaintiff could perform sedentary work on a regular and continuing basis. (*Id.* at 20).

An ALJ uses a two-step process for evaluating an individual's alleged symptoms, as set forth in 20 C.F.R. § 404.1529(c) and SSR 16-3p, 2017 WL 5180304 (Oct. 25, 2017). First, the ALJ determines whether objective medical evidence shows that the individual has a medically determinable impairment that could reasonably be expected to produce the individual's alleged

symptoms. *See id.* Second, if the medical evidence establishes the existence of such an impairment, the ALJ evaluates the intensity and persistence of the individual's alleged symptoms and their effect on the individual's ability to work in light of the entire record, including, for example, objective medical evidence, daily activities, complaints of pain, and medication and other treatment. *See id.* Such evaluation "requires the ALJ to determine the extent to which a claimant is accurately stating the degree of pain or the extent to which he or she is disabled by it." *Hartranft v. Apfel*, 181 F.3d 358, 362 (3d Cir. 1999). The ALJ is given great discretion in evaluating a claimant's subjective complaints, and such findings are given great deference since it is the ALJ "who has seen the hearing up close." *Biestek v. Berryhill*, 587 U.S. 97, 108 (2019); *see Zirnsak v. Colvin*, 777 F.3d 607, 612 (3d Cir. 2014). The ALJ may not, however, reject a claimant's statements regarding the intensity and persistence of pain "solely because the available objective medical evidence does not substantiate [his or her] statements." 20 C.F.R. § 404.1529(c)(2).

Plaintiff argues here that the ALJ, in relying on the performance of daily activities in the Decision, failed to account for the manner in which Plaintiff performed those activities. However, review of the ALJ's reasoning in his 20-page Decision shows that this is simply not so. In concluding that Plaintiff's "allegations regarding the severity of her physical and mental health symptoms are without substantial support from the objective medical evidence of record as detailed above," the ALJ noted – among a number of factors that he summarized – that Plaintiff "also acknowledges that she is able to perform a variety of household tasks that indicate she is capable of a range of sedentary work." (Tr. 34). However, elsewhere in his lengthy Decision the ALJ also noted that Plaintiff "reported that she was able to perform a variety of daily activities, including personal care activities, preparing meals, house and yard work, but indicated that she had difficulty and completing those tasks took a long time because of increased pain." (Tr. 23).

Additionally, the ALJ remarked that Plaintiff "testified that walking up and down stairs hurt and that she was done for the day after cleaning her house." (Tr. 24). The ALJ further commented that Plaintiff had reported that her pain "repeatedly affected her activities of daily living, including walking, driving, and doing dishes." (Tr. 28). Nevertheless, the Decision also reveals that Plaintiff did not at all qualify her ability to perform her daily activities when she was reporting to her consultative examiners. (Tr. 31, 32, 1053, 1403).

Moreover, as the ALJ indicated, his evaluation of Plaintiff's daily activities took into consideration the manner in which she engaged in such activities, but those activities were also just one factor that the ALJ considered in evaluating her subjective complaints. As the ALJ explained:

> In making this determination, the undersigned has considered the objective medical evidence; the claimant's daily activities; the location, duration, frequency and intensity of the claimant's symptoms; factors that may have precipitated and aggravated her symptoms; the type, dosage, effectiveness, and side effects of the claimant's medications; her treatment; and other appropriate factors.

(Tr. 24-25).

Therefore, the Court finds that the ALJ did not err in evaluating Plaintiff's subjective complaints, specifically with regard to the manner in which she performed her activities of daily living, in formulating his RFC.

## V. <u>CONCLUSION</u>

Accordingly, having utilized the applicable standard set forth, *supra*, the Court finds that, the ALJ having erred at step five of the sequential analysis, the ALJ's Decision was not based on substantial evidence. Therefore, Plaintiff's Motion for Summary Judgment will be granted, the Decision of the Commissioner will be reversed, and this case will be remanded to the

Commissioner under sentence four of 42 U.S.C. § 405(g) for further administrative proceedings consistent with the Court's instructions set forth above.

An appropriate Order follows.

*s/ W. Scott Hardy*
W. Scott Hardy
United States District Judge

Dated: November 5, 2026

cc/ecf: All counsel of record